UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DEANNA CALLARI,

                              Plaintiff,

    -against-

CITY OF NEW YORK, ROBERT AVILES, Individually,
JANE DOE 1, Individually, and JOHN and JANE DOE
2 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

**Jury Trial Demanded**

       Plaintiff DEANNA CALLARI, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## **VENUE**

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DEANNA CALLARI is a fifty-two-year-old woman residing in Staten Island, New York

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants ROBERT AVILES, JANE DOE 1, and JOHN and JANE DOE 2 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On January 7, 2022, at approximately 3:15 a.m. plaintiff DEANNA CALLARI was arrested by defendant officers JANE DOE 1 and ROBERT AVILES, at 32A Pond Way, Staten Island, New York.

13. Plaintiff was arrested based on false allegations made against her. All charges were subsequently dismissed.

14. While in police custody *en route* to the 121st Precinct, plaintiff, who suffers from COPD and used a nebulizer at night and five times per day, asked for her handheld albuterol asthma inhaler because she was gasping for air and panicking due to her inability to breathe in while handcuffed in the back of the NYPD police car.

15. The defendant officers in the vehicle were aware the plaintiff's serious medical needs and in fact let her use the inhaler by pumping it into her mouth.

16. Thereafter, when plaintiff was in a cell inside the 121st precinct, she again became unable to breathe and was panicking.

17. Plaintiff asked for her readily available asthma pump, which would have resolved the attack.

18. At that time, the defendant officers – including the male officer in the police car mentioned above – as well as a male who plaintiff believed was a supervisor – deliberately ignored plaintiff's serious medical crisis, with the supervisor informing her, in sum and substance, that she cannot have the pump.

19. Plaintiff was left to needlessly suffer, unable to breathe and gasping for air, for an

extended period of time.

20. Eventually, an ambulance was called to assist plaintiff.

21. Plaintiff was transported to Richmond University Medical Center by ambulance.

22. She had to be administered oxygen *en route*.

23. At the hospital, plaintiff was given two treatments of albuterol.

24. Had plaintiff been given her inhaler at the precinct, she would neither have endured the cruel and needless fear and suffering that she suffered until she received treatment at the hospital, nor would she have required hospital treatment had her inhaler been made available to her.

25. Defendants JOHN and JANE DOE 2 through 10 were supervisors and/or officers present for or aware of plaintiff's requests for her inhaler who permitted the above misconduct to occur and/or failed to intervene in the unlawful conduct described herein.

26. Plaintiff reported defendants' misconduct to the NYPD's Internal Affairs Bureau and to the City's CCRB, which upon information and belief referred the complaint to the NYPD Office of the Chief of Department.

27. Upon information and belief, the NYPD Patrol Borough Staten Island Investigations Unit investigated plaintiff's complaints about her treatment in custody, and "…determined that Members of the Department did commit some of the acts alleged and departmental discipline has been meted out as necessary."

28. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom,

policy, and/or practice of deliberate indifference to arrestee's serious medical needs, including those suffering from COPD and/or asthma and other similar disorders.

29. The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, defendant CITY OF NEW YORK is aware from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board that many NYPD officers, including the defendants are deliberately indifferent to the medical needs of arrestees with asthma and/or similar disorders by *inter alia* depriving them of access to inhalers.

30. For example, other lawsuits and CCRB complaints brought against the City have complained of lack of access to inhalers including *Gersbacher v. City of New York* and *Joyce Webster v. City of New York*.[1]

31. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

32. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

---

[1] *See e.g.*, CCRB closing summary, available at: chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.nyc.gov/assets/ccrb/downloads/pdf/closing-reports/201901422_RedactedClosingReport.pdf; *Gersbacher v. City of New York* , 134 F. Supp. 3d 711, 724 (S.D.N.Y. 2015); *Webster v. City of New York* Complaint, available at: https://trellis.law/doc/217784784/summons-complaint.

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff DEANNA CALLARI of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiff DEANNA CALLARI is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

40. As a result of the foregoing, plaintiff DEANNA CALLARI is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in her presence by other officers.

43. Defendants failed to intervene to prevent the unlawful conduct described herein.

44. As a result of the foregoing, plaintiff was deliberately subjected to deliberate indifference.

45. As a result of the foregoing, plaintiff DEANNA CALLARI is entitled to

compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to her rights and failing to properly supervise and train their subordinate employees.

48. As a result of the foregoing, plaintiff DEANNA CALLARI is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. The aforementioned customs, policies, usages, practices, procedures, and rules of the New York City Police Department included, but were not limited to, inadequate screening,

hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff DEANNA CALLARI'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

52. The aforementioned customs, policies, usages, practices, procedures, and rules of the New York City Police Department also included, but were not limited to, being deliberately indifferent to the medical needs of arrestees with asthma by frequently depriving them of access to inhalers.

53. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff DEANNA CALLARI.

54. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DEANNA CALLARI as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DEANNA CALLARI as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff

DEANNA CALLARI was deprived access to her inhaler in deliberate indifference to her health and safety.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DEANNA CALLARI'S constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff DEANNA CALLARI of federally protected rights, including, but not limited to, the right to be free from deliberate indifference to serious medical needs.

59. As a result of the foregoing, plaintiff DEANNA CALLARI is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## Supplemental State Law Claims

### AS AND FOR A FIFTH CAUSE OF ACTION
(N.Y.C. Administrative Code §§ 8-801 through 8-807)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Plaintiff DEANNA CALLARI'S rights to be free from deliberate indifference to her health and safety were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

62. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

63. Qualified immunity is no defense to this claim.

64. As a result of the foregoing, plaintiff DEANNA CALLARI is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
January 7, 2025

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff DEANNA CALLARI
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DEANNA CALLARI,

                                          Plaintiff,

                                                                                                     Docket No.

        -against-

CITY OF NEW YORK, ROBERT AVILES, Individually,
JANE DOE 1, Individually, and JOHN and JANE DOE
2 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                          Defendants.

--------------------------------------------------------------------------------X


**COMPLAINT**




**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132